Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CONSEJO DE SEGURIDAD Y RECREACIÓN DE URBANIZACIÓN VILLAMAR ESTE, INC. (C.o.n.s.e.r.v.e., Inc.)<br><br>Parte Recurrida<br><br>v.<br><br>RAFAEL CARRASQUILLO MARTÍNEZ Y OTROS<br><br>Parte Peticionaria | TA2026CE00615 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2022CV02132 (407)<br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Comparece la parte peticionaria, Rafael Carrasquillo Martínez (Carrasquillo Martínez o parte peticionaria), y solicita que revoquemos la *Orden*[1] emitida el 10 de abril de 2026, notificada el 14 de abril de 2026, por el Tribunal de Primera Instancia, Sala de Carolina (TPI). En el aludido dictamen, el TPI declaró No Ha Lugar la solicitud de reconsideración[2] presentada por el peticionario que solicitaba al TPI reconsiderar su denegatoria de ordenarle a la parte recurrida, Consejo De Seguridad y Recreación de Urbanización Villamar Este, Inc. (Conserve o parte recurrida), completar las contestaciones a interrogatorio, requerimiento de admisiones y producción de documentos sometidos por Carrasquillo Martínez[3].

---

[1] Entrada Núm. 305 SUMAC TPI.
[2] Entrada Núm. 302 SUMAC TPI.
[3] Entradas Núm. 284 y 285 de SUMAC TPI.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[4], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

## I. Trasfondo fáctico y procesal

El 1 de julio de 2022, Conserve presentó una demanda sobre cobro de dinero en contra de Rafael Carrasquillo Martínez y otros, en la que reclamó el pago de $3,295.24 en concepto de cuotas de mantenimiento. Así las cosas, el 8 de septiembre de 2022, Carrasquillo Martínez[5] presentó *Contestación a Demanda y Solicitando su Desestimación*[6]. Posteriormente, el 10 de diciembre de 2024, el peticionario presentó una demanda contra tercero y reconvención[7].

Luego de numerosas incidencias procesales innecesarias pormenorizar, el 24 de junio de 2025, Carrasquillo Martínez le cursó a Conserve un requerimiento de admisiones[8]. El 27 de junio de 2025, le cursó a la parte recurrida un primer interrogatorio y producción de documentos[9].

En respuesta, el 29 de agosto de 2025, Conserve acudió en solicitud de orden protectora[10]. En síntesis, planteó que Carrasquillo Martínez pretendía relitigar cuestiones ya resueltas y adjudicadas por el TPI en la *Sentencia Parcial*[11] emitida el 28 de enero de 2025, en la que se desestimó la demanda contra tercero y reconvención instada por Carrasquillo Martínez. El 31 de agosto de 2025, notificada el 2 de septiembre de 2025, el TPI emitió *Orden*[12] en la que dispuso "nada que proveer", pues la sentencia parcial

---

[4] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 2015 DPR ___ (2025).
[5] El peticionario compareció por derecho propio, por sí y como parte de la Sucesión de Luz M. Martínez.
[6] Entrada Núm. 10 SUMAC TPI.
[7] Entrada Núm. 156 SUMAC TPI.
[8] Entrada Núm. 224 SUMAC TPI.
[9] Entrada Núm. 225 SUMAC TPI.
[10] Véase, *Moción en Solicitud,* Entrada Núm. 239 SUMAC TPI.
[11] Véase, *Sentencia Parcial,* Entrada Núm. 177 SUMAC TPI.
[12] Entrada Núm. 240 SUMAC TPI.

emitida era clara[13]. El 5 de septiembre de 2025, Conserve presentó un escrito en el que informó al TPI haber notificado a Carrasquillo Martínez su objeción a lo solicitado en descubrimiento de prueba, interrogatorios, requerimiento de admisiones y producción de documentos al peticionario[14]. Carrasquillo Martínez replicó[15] y solicitó al TPI que ordenara a Conserve contestar el descubrimiento de prueba. Conserve presentó dúplica[16] y mediante *Orden* notificada el 24 de septiembre de 2025, el TPI denegó la solicitud del peticionario.

Así las cosas, y luego de varios trámites procesales, el 15 de enero de 2026, Carrasquillo Martínez presentó *Moción Objetando e Impugnando las Contestaciones al Interrogatorio, y Solicitando Orden a CONSERVE, para que conteste las preguntas*[17]. En síntesis, alegó que luego de analizar las contestaciones sometidas, Conserve evadió responder las preguntas, no hizo objeciones precisas y específicas ni presentó justificación alguna. El 23 de enero de 2026, el TPI ordenó a Conserve contestar varias preguntas del interrogatorio[18]. Luego de varios trámites, el 16 de marzo de 2026, Carrasquillo Martínez presentó *Moción Informativa y Recabando se Ordene a Conserve Completar las Contestaciones del Requerimiento de Admisiones, Conforme Establecen las Reglas de Procedimiento Civil Vigentes*[19]. El 24 de marzo de 2026, notificada el 25 de marzo de 2026, el TPI emitió *Orden* denegando la solicitud del peticionario.

---

[13] *Íd.* En específico, el foro *a quo* expresó lo siguiente:

> De un examen al extenso expediente y los anejos que obran en las mociones, surge que ya se adjudicó por dictamen final y firme, la responsabilidad de Luz M. Martínez con el control de acceso de la Urb. Villamar Este. Por tanto, a tenor con la Regla 10.2(5) de Procedimiento Civil, se declara Ha lugar la moción de desestimación de demanda contra tercero y reconvención por los fundamentos expuestos en la moción de desestimación y en atención a la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 42.2

[14] Entrada Núm. 241 SUMAC TPI.
[15] Entrada Núm. 242 SUMAC TPI.
[16] Entrada Núm. 243 SUMAC TPI.
[17] Entrada Núm. 270 SUMAC TPI.
[18] Véase Entradas Núm. 272 y 273 SUMAC TPI.
[19] Entrada Núm. 285 SUMAC TPI.

Inconforme, el 9 de abril de 2026, Carrasquillo Martínez solicitó reconsideración a la referida orden[20]. El 10 de abril de 2026, notificada el 14 de abril de 2026, el TPI denegó la reconsideración.

Insatisfecho con el dictamen, Carrasquillo Martínez acude ante nos vía *certiorari* y formula los siguientes señalamientos de error:

> PRIMER ERROR: Erró el TPI al emitir una (1) orden de "No Ha Lugar" a la solicitud del Codemandado Rafael Carrasquillo Martínez, para que obligue a la Parte Demandante a contestar las 47 preguntas que dejó de contestar o evadió contestar, del Interrogatorio y Producción de Documentos sometido.

> SEGUNDO ERROR: Cometió error el TPI al emitir una (1) orden de "No Ha Lugar" a la solicitud del Codemandado Rafael Carrasquillo Martínez, para que obligue a la Parte Demandante a contestar las 37 preguntas que dejó de contestar o evadió contestar, del Requerimiento de Admisiones y Producción de Documentos sometido por éste.

> TERCER ERROR: Incidió en grave error el TPI al no aplicar las disposiciones de las Reglas 30, 33 y 34 de Procedimiento Civil, al dejar de disponer, fundamentar y/o argumentar razones válidas, justificables sobre las preguntas del descubrimiento de prueba, por las cuales el Demandante no debía o no procedía que contestara las mismas, lo que causó o motivó, que el Tribunal le violara y negara las garantías procesales del debido proceso de ley y la igual protección de las leyes debidamente estatuidas en la Constitución de Puerto Rico, en su Artículo II Sección 7, al Codemandado.

> CUARTO ERROR: Incidió el TPI al discriminar de forma irrazonable, arbitraria e injusta contra el Codemandado compareciente, negándole al Codemandado una vista para exponer y argumentar las razones, fundamentos correspondientes sobre las preguntas formuladas, las cuales son vitales, necesarias e indispensables para poder sostener sus alegaciones expuesta en las Contestaciones a la Demanda y Demanda Enmendada, en una causa de acción personal sobre un cobro de dinero per sé y como heredero de la Sucesión Martínez.

## II.    Exposición del Derecho

### A. El *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[21]

---

[20] Entrada Núm. 302 SUMAC TPI.
[21] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[22] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[23], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[22] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

[23] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 2015 DPR ___ (2025).

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[24]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[25] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### B. Discreción Judicial

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación

---

[24] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[25] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

o aplicación de cualquier norma procesal o de derecho sustantivo.[26] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[27]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[28] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[29] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[30]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[31]

### III.    Aplicación del Derecho a los Hechos

En esencia, Carrasquillo Martínez aduce que el foro primario incidió al denegar su solicitud de que se le ordenara a Conserve contestar los interrogatorios, requerimiento de admisiones y producción de documentos sometidos por este.

A tenor con la norma jurídica esbozada, las controversias relativas al manejo del descubrimiento de prueba no están

---

[26] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.
[27] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[28] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).
[29] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.
[30] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.
[31] *SLG ZapataRivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)).

contempladas dentro de las instancias en las que, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, procede que se expida el auto de *certiorari*. Por tanto, no se justifica nuestra intervención, a menos que se cumpla algunas de las circunstancias enumeradas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Conforme expusimos anteriormente, los tribunales de instancia poseen amplia discreción para regular el ámbito del descubrimiento de prueba. Por ello, como foro apelativo, no debemos de intervenir con tal ejercicio, salvo la presencia de un claro error, prejuicio o abuso de discreción.

Examinado el recurso, así como la determinación impugnada, concluimos que esta resulta razonable y no denota un abuso de discreción por parte del foro primario. Basta revisar el expediente ante nuestra consideración para percatarse del extenso trámite procesal e incidencias en torno al descubrimiento de prueba. Habida cuenta de lo anterior, determinamos que el peticionario no demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación. Tampoco identificamos fundamento alguno que justifique expedir el auto de *certiorari* para evitar un fracaso de la justicia.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, nos abstenemos de intervenir en el asunto y denegamos expedir el auto de *certiorari*.

## IV.　　Parte Dispositiva

Por los fundamentos antes expuestos, denegamos el auto de *certiorari.*

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones